## YOUNG v. ROBERTS.

(Supreme Court, Appellate Division, Second Department.  June 14, 1898.)

SUBMISSION TO JURY TRIAL—WAIVER.

Where, at the close of a trial, each party moves the court for the direction of a verdict in his favor, and the party whose motion is denied does not ask to go to the jury, and excepts only to the direction of a verdict in favor of the other party, he thereby waives his right to go to the jury as upon a disputed question of fact.

Appeal from trial term, Kings county.

Action by Martha A. Young against Charles H. Roberts.  From a judgment for plaintiff on a verdict directed by the court, defendant appeals.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Frederick P. Bellamy, for appellant.
Theron G. Strong, for respondent.

GOODRICH, P. J.  The action is brought to recover the amount of a promissory note for $2,000, made by the defendant to the order of the Hardwood Door & Trim Company, and indorsed and delivered by it to the plaintiff.  At the close of the trial, each party moved the court for the direction of a verdict in his favor.  The defendant's motion being denied, he did not ask to go to the jury, and excepted only to the direction of a verdict in favor of the plaintiff.

It is hardly necessary to cite authority, so often cited, that, under such circumstances, the defendant waived the right to go to the jury as upon a disputed question of fact.  It becomes necessary, however, to ascertain whether there was sufficient evidence to justify the direction of a verdict for the plaintiff.  There was evidence tending to show that the company was indebted and had given a mortgage to the plaintiff for $7,000; that she was pressing the company for payment; that the defendant was president of the company, and gave the note in suit for the accommodation either of the company or of the plaintiff; that one Hollister, the nephew of the plaintiff, was treasurer of the company, and, at the time of the making of the note, was present, and acting as the agent of the plaintiff in the transaction; and that he knew that the note was an accommodation note.  The plaintiff testified that Hollister was not her agent; that she did not know the accommodation character of the note; and that she received and accepted it as payment pro tanto of her mortgage; and that, subsequently, she discounted the same at a bank, and, when it was dishonored, took it up after maturity, by giving the bank her own note for the principal, and paying the interest in cash.  This evidence was sufficient to raise a controverted question of fact, and, if the defendant had requested to go to the jury, the court would have been bound to submit it; but the defendant made no such request even after the direction for a verdict, as he might have done, and there was sufficient

evidence to constitute the plaintiff the holder of the note for value; before maturity and without notice.

It follows that there was no error in the direction of a verdict for the plaintiff, and the judgment must be affirmed.

Judgment affirmed, with costs. All concur.